UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARY L. GUYER, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-56 DRL-MGG |
| WEXFORD OF INDIANA, LLC *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Cary L. Guyer, Jr., a prisoner without a lawyer, filed a vague complaint alleging he is being denied constitutionally adequate medical treatment. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Guyer alleges that, since summer 2019, Dr. Jackson and Nurse Livers have been deliberately indifferent to his frequent need to urinate and his abdominal pain related to his bladder and kidneys. ECF 3 at 4. However, he had a CT of his abdomen and

pelvis on September 19, 2020. ECF 3-1 at 3. He was given bladder training exercises sometime before August 12, 2020. *Id*. at 2. He has been told to take over-the-counter pain medication. ECF 3 at 4. He clearly then has received some medical treatment. He alleges Dr. Jackson once told him "there is nothing he is going to do to help." *Id*. at 5. However, the context of that statement is unclear.

For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, it is unclear when he saw Dr. Jackson and Nurse Livers. It is unclear what he told them and what they did in response. It is unclear who else he has seen and what medical treatment they have provided.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S.

at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

> [M]edical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). "[A] disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). It is clear Mr. Guyer disagrees with the health care he has received, but this complaint does not plausibly allege these defendants denied him constitutionally adequate medical care by acting outside the scope of professional judgment, practice, or standards either today or in the past.

This vague complaint does not state a claim. It raises more questions than it pleads answers. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Guyer needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. The instructions on the form will provide Mr. Guyer with additional information about how to state a claim. That form will also

explain to him that he had to either pay the filing fee or seek leave to proceed *in forma pauperis* with a copy of his inmate trust fund ledger for the past six months.

For these reasons, the court:

(1) GRANTS Cary Guyer until **March 15, 2021**, to resolve his filing fee status and file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form; and

(2) CAUTIONS Cary Guyer if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice.

SO ORDERED.

February 8, 2021 *s/ Damon R. Leichty*
Judge, United States District Court